UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBBIE O. MITCHELL,

                             Plaintiff,

v.                                                                5:21-CV-0856
                                                                         (GLS/ML)
LISA TESORIO, of SUNY Upstate
Medical University,

                             Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

ROBBIE O. MITCHELL
  *Pro se* Plaintiff
1924 East Genesee Street, Apt. 4
Syracuse, New York 13210

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

       The Clerk has sent this Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 5) filed by Robbie O. Mitchell ("Plaintiff") to the Court for review. Plaintiff also filed a motion for summary judgment with his Complaint. (Dkt. No. 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 5), recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety, and recommend that Plaintiff's motion for summary judgment (Dkt. No. 2) be denied.

### I.    PROCEDURAL HISTORY

       On July 15, 2013, Plaintiff commenced an action in the United States District Court Northern District of New York, No. 5:13-CV-0823 (GLS/ATB) ("*Mitchell I*") against SUNY Upstate Medical University ("SUNY Upstate"), Renee J. Johnson, and Donald M. Sadeckas,

alleging that he was discriminated against in the context of his employment at SUNY Upstate, based on his race or color. (*Mitchell I*, Dkt. No. 1.) On November 26, 2013, United States Senior District Judge Gary L. Sharpe granted the defendants' motion to dismiss for failure to state a claim. (*Mitchell I*, Dkt. No. 15.) More specifically, Judge Sharpe held that Plaintiff's complaint failed to allege facts plausibly suggesting an actionable Title VII discrimination claim and neither the Court nor the defendants should have to guess what Plaintiff complains of and what claims he alleges. (*Id.*) Judge Sharpe granted Plaintiff leave to file an amended complaint, which Plaintiff did not do. (*Id.*; *see generally Mitchell I* docket sheet.)

On June 11, 2014, Plaintiff commenced an action in the United States District Court Northern District of New York, No. 5:14-CV-0701 (TWD) ("*Mitchell II*") against SUNY Upstate, again alleging that he was discriminated against in the context of his employment at SUNY Upstate, based on his race pursuant to Title VII. (*Mitchell II*, Dkt. No. 1.) More specifically, Plaintiff alleged that SUNY Upstate retaliated against him for filing previous race discrimination complaints by (1) re-assigning him to less desirable work assignments, and (2) filing a baseless Notice of Discipline against him. (*Id.*) On March 17, 2017, United States Magistrate Judge Thérèse Wiley Dancks granted SUNY Upstate's motion for summary judgment and dismissed the action. (*Mitchell II*, Dkt. No. 49.)

On May 18, 2017, Plaintiff commenced an action in the United States District Court Northern District of New York, No. 5:17-CV-0546 (MAD/ATB) ("*Mitchell III*") against SUNY Upstate, Brian C. Reed (Materials Management Administrator), and Linda A. Mazzone (Leave Coordinator), alleging that he was discriminated against in the context of his employment at SUNY Upstate, based on his disability pursuant to the Americans with Disabilities Act. (*Mitchell III*, Dkt. No. 1.) Plaintiff amended the complaint on June 15, 2017, asserting causes of

2

action against SUNY Upstate only. (*Mitchell III*, Dkt. No. 6.) On April 16, 2018, United States District Judge Mae A. D'Agostino granted SUNY Upstate's motion to dismiss for failure to state a claim. (*Mitchell III*, Dkt. No. 25.)

## II.    BACKGROUND

On July 29, 2021, Plaintiff commenced this action by filing a Complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 5.)

Construed as liberally as possible, the Complaint alleges that Defendant Lisa Tesorio ("Defendant") was presented with certified mail on December 23, 2019, January 1, 2020, and February 24, 2020, demanding money that Plaintiff alleges was owed to him and two other former employees ("Ms. Williams" and "Mr. Williams") of SUNY Upstate. (*See generally* Dkt. No. 1 [Compl.].) More specifically, the Complaint alleges that Plaintiff is owed $29,095.00 related to his separation from employment at SUNY Upstate on September 23, 2015.[1] (*Id.*) Plaintiff alleges that he is entitled to damages because Defendant did not respond to the certified mail and thus "dishonored the Plaintiff by default." (*Id.*) As relief, Plaintiff seeks (1) reinstatement "back on the state's payroll," (2) an order that Defendant pay all deductions from his employee state payroll, (3) back pay from the date of his separation, (4) "the opportunity to remain on paid leave for the lost time [he] accumulated." (*Id.*)

Plaintiff also filed a motion for summary judgment. (Dkt. No. 2.) In Plaintiff's motion, he alleges that Defendant "did not respond to Plaintiff through a three step process under the Uniform Commercial Code" pursuant to which, Defendant "was given three notarized and certified documents" from Plaintiff, and Defendant failed to answer. (Dkt. No. 2 at 2.) Plaintiff

---

[1]    Plaintiff also alleges that Ms. Williams is owed $31,475.00 related to her separation from employment at SUNY Upstate on November 5, 2018, and that Mr. Williams is owed $35,286.00 related to his separation from employment at SUNY Upstate on April 7, 2017.

alleges that "the same documents were given to a notary public to be re-presented to [Defendant]" and that Defendant "did not respond to the notary public" either. (*Id.*) Plaintiff argues that "Defendant's silence must be considered as a default" because "the notary public is an officer of the court." (*Id.*) As a result, Plaintiff argues that he is entitled to summary judgment. (*Id.*)

### III. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 5), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

### IV. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

---

[2] The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3] Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[E]xtreme caution should be exercised in ordering sua sponte dismissal of a . . . complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district

court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

V.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that it be dismissed in its entirety.

Based on the Complaint, the Court is unable to decipher any cause of action that Plaintiff asserts against Defendant. (*See generally* Dkt. No. 1.)

Plaintiff alleges that the Court has jurisdiction over this matter because it presents a federal question pursuant to 28 U.S.C. § 1331, and cites Fed. R. Civ. P. 56 as the basis for that jurisdiction. (Dkt. No. 1 at 3.) However, Fed. R. Civ. P. 56 does not create any private cause of action. Instead, Fed. R. Civ. P. 56 is a procedural mechanism for a party to obtain judgment in

an action where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.

To the extent that Plaintiff attempts to assert any constitutional claims, the Court construes those claims to be made under 42 U.S.C. § 1983. The statute of limitations for a § 1983 action accruing in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations begins to run on the date that the plaintiff's claims accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Federal law governs the accrual date. *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment."). That is so even if "the full extent of the injury is not then known or predictable." *Fahs Const. Group, Inc.*, 725 F.3d at 292.

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)), *report and recommendation adopted by*, 2018 WL 2316681 (N.D.N.Y. May 22,

7

2018) (Suddaby, C.J.); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (Dancks, M.J.) (same), *report and recommendation adopted by*, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017) (Suddaby, C.J.); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Kahn, J.) (same).

Here, drawing all reasonable inferences and construing the Complaint liberally, Plaintiff commenced this action on July 29, 2021. (Dkt. No. 1.) As a result, any causes of action in Plaintiff's Complaint that accrued before July 29, 2018, are barred by the statute of limitations. Although far from clear, it appears as though Plaintiff is attempting to allege grievances related to his separation from employment at SUNY Upstate, which occurred on September 23, 2015. (Dkt. No. 1 at 5.) As a result, to the extent that Plaintiff attempts to assert any claims pursuant to 42 U.S.C. § 1983, those claims are barred by the statute of limitations.[4]

Moreover, to the extent that Plaintiff attempts to assert a breach of contract claim, I recommend dismissal because the Court lacks subject jurisdiction over such a claim.[5] Plaintiff

---

[4] The Court also notes that Plaintiff's attempts to assert causes of action on behalf of Ms. Williams and Mr. Williams are unavailing, because this lawsuit is brought by a singular Plaintiff who is *pro se* and therefore unable to represent anyone other than himself. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citing 28 U.S.C. § 1654) (holding that although parties have a statutory right to "plead and conduct their own cases," unlicensed laypersons may not "represent anyone else other than themselves."); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").

[5] In the alternative, to the extent that Plaintiff attempts to assert a breach of contract claim, I recommend dismissal for failure to state a claim. "[I]n order to establish a claim for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant, (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract, and (4) damages to the plaintiff caused by the defendant's breach." *OOCL (USA) Inc. v. Transco Shipping Corp.*, 13-CV-5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (citation omitted). Here, Plaintiff has failed to allege (1) the existence of a contract between himself and Defendant, (2) performance of Plaintiff's obligations under the contract, (3) Defendant's breach of the contract, and (4) any damages to Plaintiff caused by Defendant's breach.

does not adequately allege that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because (1) this suit is between citizens of New York (Dkt. No. 1 at 1-2), and (2) the amount in controversy is less than $75,000. Although the Complaint seeks damages in the amount of $95,856.00, only $29,095.00 of those damages are attributable to Plaintiff. As set forth in note 4, *supra*, Plaintiff, an unlicensed layperson, may not assert causes of action on behalf of anyone other than himself.

As a result, I recommend dismissal of Plaintiff's Complaint because the Court lacks jurisdiction over any claims that it could liberally deduce.

## VI.   OPPORTUNITY TO AMEND

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." *Moran v. Proskauer Rose LLP*, 17-CV-00423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (D'Agostino, J.). Further, "[w]hen a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice." *Fraccola v. Grow*, 670 F. App'x 34, 35 (2d Cir. 2016) (summary order). Thus, because the Court lacks subject matter jurisdiction over Plaintiff's claims, it is recommended that the Complaint be dismissed without prejudice and without leave to amend. *See Guillory v. Bishop Nursing Home*, 21-CV-0410, 2021 WL 2431259, at *3 (N.D.N.Y. June 15, 20210 (D'Agostino, J.) (dismissing the complaint "without prejudice" and "without leave to amend" because the

9

Court "lack[ed] . . . subject matter jurisdiction."); *Strauss v. Dwyer*, 21-CV-0414, 2021 WL 3635167, at *4 (N.D.N.Y. Aug. 17, 2021) (Hummel, M.J.) (recommending dismissal without prejudice and without leave to amend where the Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine).

### VII.    PLAINTIFF'S SUMMARY JUDGMENT MOTION

Because I recommend dismissal of the action, I also recommend that Plaintiff's motion for summary judgment be denied. (Dkt. No. 2.)

In the alternative, I recommend that Plaintiff's motion be denied for failure to make a showing that Plaintiff is entitled to relief as a matter of law. Plaintiff argues that he is entitled to summary judgment because Defendant "did not respond to the Plaintiff through a three step process under the Uniform Commercial Code" section 3-505. (Dkt. No. 2 at 2, 9.)

First, the Court notes that "under N.Y. UCC 3-505, a party to whom presentment of a negotiable instrument is made 'may without dishonor require (a) exhibition of the instrument and (b) reasonable identification of the person making presentment and evidence of his authority to make it if made for another.' The UCC also provides that 'failure to comply with any such requirement invalidates the presentment but the person presenting has a reasonable time in which to comply and the time for acceptance or payment runs from the time of compliance.'" *U.S. Bank Nat'l Assoc. v. Nelson*, 36 N.Y.3d 998, 1012 n.14 (N.Y. 2020) (quoting N.Y. U.C.C. § 3-505). This section of the Uniform Commercial Code does not entitle Plaintiff to judgment as matter of law nor does it appear relevant to the substance of the Complaint, which relates to Plaintiff's employment and subsequent separation from employment with SUNY Upstate. (*See generally* Dkt. No. 1.)

Second, it appears as though Plaintiff is attempting to obtain a default judgment against Defendant for her alleged failure to respond to his demands before commencing this action. Rule 55(a) of the Federal Rules of Civil Procedure provides that when a party has failed to plead or otherwise defend an action "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request.").

However, upon review of the docket it is clear that Defendant is not in default. (*See generally* docket sheet.) Defendant has not been served with process and thus her deadline to respond to the Complaint has not expired.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety; and it is further respectfully

**RECOMMENDED** that Plaintiff's motion for summary judgment (Dkt. No. 2) be **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

---

[6] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

11

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: August 30, 2021
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).